**GENERAL PETROLEUM CORP. et al. v. DISTRICT COURT OF UNITED STATES FOR WESTERN DISTRICT OF WASHINGTON, NORTHERN DIVISION.**

No. 14319.

United States Court of Appeals, Ninth Circuit.

May 25, 1954.

Groner in Busby v. Electric Utilities Employees Union, 79 U.S.App.D.C. 336, 147 F.2d 865.

**690**

Reynolds, Painter & Cherniss, Los Angeles, Cal., Bogle, Bogle & Gates, Robert W. Graham, Seattle, Wash., J. A. Tucker, Los Angeles, Cal., George W. Jansen, New York City, Grosscup, Ambler, Stephan & Miller, Seattle, Wash., Edmund D. Buckley, W. F. Kiessig, San Francisco, Cal., Eggerman, Rosling & Williams, Seattle, Wash., for petitioners.

Ferguson & Burdell, Seattle, Wash., for respondent George Moore.

Before HEALY, POPE and LEMMON, Circuit Judges.

POPE, Circuit Judge.

Petitioners seek writs of prohibition and of mandamus directed against the respondent District Court, prohibiting the enforcement of a certain order of that court dated March 17, 1954. The order under attack was entered in an action entitled "George F. Moore, plaintiff, v. Standard Oil Company of California, et al., defendants." It was made pursuant to that plaintiff's motion under Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., which provides for the "Discovery and Production of Documents and Things for Inspection, Copying or Photographing". As written the order requires each of the petitioners as a defendant in that action to make available to plaintiff's attorneys for the purpose of inspection and copying, documents in their possession falling within 91 described categories and covering an eighteen year period extending to April 1, 1953.

We do not understand petitioners to object to the order as written, but the petition is based upon the contention that as construed and understood by the respondent court, and as they are necessarily required to understand and construe it, petitioners are now called upon by the order not merely to make available to plaintiff's attorneys documents in their possession falling within the designated categories, but rather to supply and make available to plaintiff's attorneys their entire files and records so that such attorneys may examine and search through them for the required documents. Petitioners say that they must make such an interpretation of the order because of certain statements made by the court at the time the form of the written order was settled upon. At that time counsel for the defendants had presented to the court affidavits tending to show that in view of the number of years involved and the voluminous character of their files and records, it would require them as much as eighteen months to search for, procure and make available to plaintiff's attorneys the documents described in the listed categories. During the course of its colloquy with counsel upon this matter the court said: "It does not require the defendants to segregate anything from anything else. It requires the defendants to make the files of the company pertaining to this subject available, and at this time it is no concern of this plaintiff that the files might contain a letter he is not interested in. I do not see how it could possibly take eighteen months to make available to plaintiff's attorneys and typists or photographers the files of the company that were accu-

mulated in Seattle. * * * The only oral decision this court made or intended to make was that defendants make these files available to the plaintiff, to let plaintiff go and look at them and take copies of them. I do not recall making any order that required the assignment of an employee for six months or two years or a dozen employees for three days or any other length of time to make any copies or segregate any files. All the Court has intended to order is that defendants make these files relating to the subjects which are dealt with in these numbered items of the motion available to these persons acting for plaintiff and let them do the segregating and weeding out. * * * The Court is not requiring any defendant in this case to look for any group of letters and read each letter and determine whether or not the letter is pertinent to the case. The Court requires under the terms of this order which has been suggested by defendants that each and all of these defendants make available to plaintiff for inspection, photographing and copying within the times that are now to be stated in this order, and the burden is on the plaintiffs to do the segregating and getting the stuff that is material. * * * The Court does not intend to say by this order that any defendant must, for example, read two or more letters in order to find out which one of the letters is useful or relative to this case, but the defendants must understand this order is meant to make available to plaintiffs the files and records of the defendants which relate to the subject matter. * * * ''

The court thereupon proceeded to fix May 3, 1954, as the date for production of the required documents at Seattle, and July 1, 1954, as the date for production of those documents which were at petitioners' California offices.

In signing the order the court struck from it a provision to the effect that any party might apply upon good cause shown for an extension of time for the production of the documents. Thus petitioners contend that since the May 3, and July 1 dates did, according to their showings, afford insufficient time within which to separate and furnish the designated documents or categories of documents described in the order, and since the court by striking from the proposed order the provision for an application to extend the time indicated that compliance must be completed by those dates, the only meaning they could attach to the fixing of these dates, in the light of the court's remarks was that the order must be complied with by making available to plaintiff for the latter's examination, all of their files and records. This, they say, is the only way in which they could possibly comply with the order, and hence they were required to understand it so.

The position of the petitioners is that so construed the order is one in excess of the jurisdiction of the district court. This is so, they say, because Rule 34 authorizes production and inspection only of "designated documents".[1] As they say they are required to construe the court's order it is not so limited.

Petitioners also assert that the order thus construed calls for an unreasonable

1. "Rule 34. Upon motion of any party showing good cause therefor and upon notice to all other parties, and subject to the provisions of Rule 30(b), the court in which an action is pending may (1) order any party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence relating to any of the matters within the scope of the examination permitted by Rule 26(b) and which are in his possession, custody, or control; or (2) order any party to permit entry upon designated land or other property in his possession or control for the purpose of inspecting, measuring, surveying, or photographing the property or any designated object or operation thereon within the scope of the examination permitted by Rule 26(b). The order shall specify the time, place, and manner of making the inspection and taking the copies and photographs and may prescribe such terms and conditions as are just."

search and seizure of their papers in contravention of the Fourth Amendment to the Constitution, as the same is construed in Hale v. Henkel, 201 U.S. 43, 76, 26 S.Ct. 370, 50 L.Ed. 652.

Petitioners seek these writs for the reasons, as they say, that since the order in question is not appealable there is no other means by which they may seek redress or protection against the attempted invasion of their rights. They argue that they may not test the validity of the court's order by non-compliance, and an appeal from an order of contempt, since under the doctrine of United States v. United Mine Workers, 330 U.S. 258, 293, 67 S.Ct. 677, 91 L.Ed. 884, the invalidity of the court's order would furnish no defense. By the time the final judgment in the case below reached this court on appeal the legal damage they would suffer through such unauthorized disclosure of their books and records would be beyond remedy, and hence they say this is one of those extraordinary cases in which such a writ should be issued; that under the circumstances the issuance of the writ would be in aid of this court's appellate jurisdiction.

If the order of the district court were held to have the meaning which petitioners attach to it, we would be confronted with a nice question as to whether the issuance of such a writ is within our power or jurisdiction under the "All Writs Act", 28 U.S.C.A. § 1651(a). We do not reach that question here and express no opinion upon it for the reason that we think that the order of the district court here under attack must be construed to have no meaning beyond or apart from that which is set forth in the order as written, and that it requires of the petitioners the production of nothing other than those designated documents listed within the several categories to which the written order refers. Further, the quoted remarks of the court during the colloquy with counsel which attended the hearing at which the form of the written order was determined upon, should not be construed by us as modifying that which the order itself says, or as enlarging the obligations of the petitioners in respect to that order, or as going beyond the limitations expressed in Rule 34. We think the court's remarks to counsel are to be understood as no more than an effort, in an informal manner to indicate the court's belief that no greater time was required by the showing then made.

It is our view that the order of March 17, 1954, did not and does not require the petitioners to permit the plaintiff in that action to have access to or an inspection of the files and records of petitioners without restriction or designation, but that on the other hand, the right of inspection and copying granted by such order was limited to the documents and papers designated in the order as written.

We construe the action of the district court in striking from the submitted form of order the express provision for further applications to extend the time for compliance as having been done, as the court's return shows, because of the court's view that such a provision for an extension of time was unnecessary in the light of Rule 6(b) which expressly permits such an application for an extension of time in any such case.

The respondent Judge has here disclosed that he "would have considered, and in the future will consider, modification of said order upon good and sufficient cause therefor being shown". The situation is similar to that which was presented to this court in United States v. Fee, 174 F.2d 1020, and for reasons similar to those which prompted our action in that case we hold that the petitioners' application should be, and is denied.